JOHN KMETZ, General Guardian of JOSEPH KMETZ, an Infant, Appellant, v. GEORGE H. DE RONDE, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that defendant has had a full trial of the issues as he chose to present them to the court, and it is not a proper exercise of discretion to set aside a judgment which has been affirmed by the Appellate Division simply to permit the defendant to present defenses which he has not seen fit to set forth originally. The judgment itself furnishes, by the last clause, a means by which defendant may protect himself against being compelled to take the title if the property is incumbered by mortgages other than those set forth in the contract. Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ., concurred.

IDA L. KIRK, Respondent, v. THE NASSAU ELECTRIC RAILROAD COMPANY and BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Thomas, Mills, Putnam, Kelly and Jaycox, JJ.

JULIA MANLEY WEEKS L'ECLUSE, Respondent, v. FRANK M. BELDEN, Appellant.— The uncorroborated version of the plaintiff is that when the defendant went in February to complain of the unendurable cold in the plaintiff's dwelling house then leased to defendant, the defendant agreed to renew the lease, or make a lease for a new term beginning the ensuing May provided the plaintiff would install a new heater forthwith. The defendant denies that he ever made such an agreement. There was no need that he should make it, for the existing lease required the plaintiff to furnish apparatus to afford a certain degree of heat, and the testimony of plaintiff's witness Fogel shows that a new heater was needed. On the other hand, there is proof that defendant under his physician's advice had once moved out of the house as unlivable, and had only returned after the new heater had been placed in it. Such outgoing on the part of the tenant, if justified, would have deprived the landlord of rent for the existing term. The relative acts of the parties subsequent to February are more consistent with the non-existence of any agreement for a renewal or of a revival than with the existence thereof. We think that the plaintiff did not uphold the burden of proof, and, therefore, we grant a new trial. Judgment and order reversed, and new trial granted, costs to abide the event. Jenks, P. J., Rich and Jaycox, JJ., concurred; Thomas and Blackmar, JJ., voted to affirm.